I respectfully dissent from the majority opinion because I don't find the July 1, 1997 Judgment Entry of the trial court constitutes a final appealable order under R.C. 2505.02. My reasons for so concluding are explained in my dissent in In re:Wallace Children (Dec. 30, 1997), Stark App. No. 1997CA00033, unreported.
I would dismiss this appeal for lack of jurisdiction.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion. Upon remand, the trial court shall conduct the best interests hearing, issue a judgment entry and make its determination regarding the termination of parental rights and grant of permanent custody based upon the status of the evidence presented at the permanent custody hearing and best interests hearing. If the trial court has already conducted the best interests hearing, the trial court may make its decision based upon the evidence previously presented. There is no need to conduct another best interests hearing.